No. 7781.

## R. A. HUNTER vs. W. F. BLACKMAN.

In a suit against a district judge, the parish judge having cognizance of the cause, may order any insulting or impertinent expression in the petition to be stricken out; but he has no power or authority to order the petition to be taken from the record and returned to the plaintiff, on the refusal of the latter to say whether he intended any disrespect to, or reflection upon the defendant by describing him in the petition as the "*acting*" judge.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Thornton*, parish judge, sitting in place of *Blackman*, J., recused.

*R. A. Hunter* and *Robt. P. Hunter* for plaintiff and appellant.

*James Andrews* for defendant and appellee.

The opinion of the court was delivered by

MARR, J. Plaintiff, a member of the bar, seeks, in this action, to recover damages, of defendant, the judge of the district court, for alleged illegal and malicious conduct in causing him to be arrested and imprisoned for contempt.

The suit was brought, necessarily, in the district court; and the judge, defendant, so far took cognizance of it, as to order the clerk to take the petition from the files as disrespectful; and to return it to the plaintiff by whom it was signed. On appeal we held, at the February term, 1879, that the defendant was incompetent to make any order in the case except one of recusation; and we ordered the petition to be re-

instated, and the cause to be remanded for further proceedings according to law.

The district judge recused himself, and called the parish judge to try the case. On the same day he filed an exception that the petition disclosed no cause of action ; and he submitted the case, on the exception, without argument. The plaintiff read the petition, and was about to proceed with the argument, when the parish judge stated that he would be required, before proceeding further, to say whether the language of the petition was intended by him as a disrespect to the district judge, or casting a reflection on him, in speaking of him as the "acting" judge.

Plaintiff objected that the parish judge had no right to propound such a question to him. Thereupon the parish judge informed him that if he would not explain whether his petition was intended as disrespectful he would order the clerk to take it from the record, and return it to him on the ground that it was in contravention of the Code of Practice. The only question which we can consider and pass upon in this appeal is, whether the parish judge erred in this ruling and order.

The Code of Practice, article 172, paragraph 5, declares that the petition "must not contain any insulting or impertinent expression." The precise expression objected to by the parish judge is that in which the defendant is styled "the acting district judge." The qualifying word acting was not necessary, to plaintiff's right of action ; and the parish judge might have ordered it to be stricken out, if he considered it either insulting or impertinent. The use of this word adds nothing to, the omission of it would in no sense detract from, the force of the charges upon which plaintiff bases his right of action. It is of no consequence, either to plaintiff or to defendant, whether it be or be not stricken from the petition ; and the time and attention of judicial tribunals should not be occupied with a question which is absolutely without importance, so far as the rights of the parties are concerned.

It was competent for the parish judge to order any expression in the petition to be stricken out, if he really believed it to be either insulting or impertinent. There is nothing in the petition which could be tortured into a contempt of the parish judge ; and he had no power or authority to order the clerk to take it from the record, and to return it to the plaintiff.

Defendant by his exception, had raised a question of law, admitting, pro hac vice, the truth of the allegations of the petition ; and we had submitted that question to the court. It was the right of plaintiff to argue that question ; and he could not have done this without reading the petition. It was the business and the duty of the parish judge to have passed upon and decided this question of law ; and if he had done

so, his decision would have been subject to review in this court. As it is, we have no power to decide any other question than as to the correctness of his ruling and order; and it is clear that he erred.

The order appealed from is, therefore, avoided and reversed; and it is now ordered, adjudged, and decreed that the petition be re-instated and be filed as of the date of its original filing; that the cause be remanded for further proceedings according to law; and that defendant, appellee, pay the costs of this appeal.